The judgment of the court was pronounced by
Slidell, J.
In the early part of the year 1846, the plaintiff and defendant entered into a written contract in the State of Arkansas. By that contract, Matthews purports to sell to Wilson a slave upon certain conditions. The conditions are as follows: “ That the said Francis L. Matthews shall have privilege to redeem said negro man Adam at the expiration of the year 1846 or 1847, by paying the said George W. Wilson three hundred dollars with ten per cent per annum on that sum; and the said George W. Wilson shall allow the sum of eight dollars per month for the labor of said negro during the time of possession, clothe him, &c.; and if said Matthews should fail to redeem said negro at the end of 1846, the said George W. Wilson shall pay the said Matthews a balance of two hundred dollars more and keep said boy.”
In the summer of 1846, the defendant made a clandestine departure from Arkansas and came to Louisiana, bringing the slave with him 'without the consent or knowledge of the plaintiff. In 1847, the plaintiff made two attempts to come to a settlement with defendant. On one occasion he sent an agent to the defendant, who admitted the slave belonged to the plaintiff, and said the plaintiff might have him on paying $830 — a pretension entirely unwarranted by the evidence in the cause. On another occasion the plaintiff went in person. A witness who was present at the interview states, that Matthews told Wilson his object was to settle with him and get his negro. He did not show him any money, but told him he had the money. Wilson said, “he had no settlement to make, and did not want his money, and all he could get from him was what lead and steel he could carry away, and if he did not leave he would kill him.” This action was afterwards brought to recover the slave. The plaintiff had judgment in the court below, and the defendant has appealed.
The intention of the parties was, that the slave should be a security for the debt, and not be absolutely conveyed to the defendant. It also involved a contract of hiring; and the intention of the parties, as may he deduced from the instrument, and as has been distinctly proved by other evidence which has been admitted without objection, was that the wages should be applied to the interest and principal of the debt. Although there is some ambiguity as to the time within which it should be optional for the plaintiff to redeem, and after which the defendant should have the right to take the slave absolutely by paying $200, yet we think the intention upon the face of the instrument was, to allow the plaintiff until the expiration of 1847; and we are not permitted to doubt upon *692 this point, under the other evidence which was admitted without objection, explanatory of the written agreement and showing the defendant’s own construction of it. Besides, even if the intention was that Wilson should have the right at the end of the year 1846 to take the slave in absolute property upon paying two hundred dollars, the absolute title would not vest except upon Wilson’s announcing his election to do so and offering payment of the price. Otherwise, matters would go on as before : the interest running od one side and the wages on the other. It is not proved that Wilson, at the end of the year, announced such election.
The defendant attempts to resist the action upon the ground that the plaintiff made no formal tender in the presence of witnesses. Even if this was necessary to entitle the plaintiff to redeem — upon which point we need not decide— yet the plaintiff was excused from making such tender by the defendant’s refusal to make any settlement at all, and his threatening conduct as above stated. See Lynch v. Postlethwaite, 7 M. R. 218. Fernandez v. Silva, 1 L. R. 273.
The wages largely exceeded the interest; and applied each year to the payment of interest and capital, would, at the date of the judgment, have extinguished the debt within a few dollars. The district court should, in our opinion, have condemned the defendant to pay hire for the slave from the date of the decree. The result of this omission would be that the defendant would have the use of the slave without remuneration during the suspensive appeal, and after-wards until a writ of possession could be executed.
It is therefore decreed, that the judgment of the district court be so amended as that the plaintiff recover from the defendant wages at the rate of eight dollars per month for said slave, from the 22d November, 1849, until said slave be delivered to the plaintiff, and, that so amended, the judgment be affirmed; the costs of the appeal to be paid by thp defendant.